IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON L SMITH, | No. C -12-03608 EDL |
| Plaintiff, | **ORDER DISMISSING CASE WITHOUT LEAVE TO AMEND** |
| v. | |
| WILLIAM MAHONEY, et al., | |
| Defendants. | |

Plaintiff Brandon Smith filed his complaint and Application to Proceed In Forma Pauperis on July 9, 2012. On July 27, 2012, Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c).[1] On August 2, 2012, the Court granted Plaintiff's Application to Proceed In Forma Pauperis and dismissed his complaint with leave to amend. On August 15, 2012, Plaintiff timely filed an amended complaint. For the reasons set forth below, the Court now dismisses Plaintiff's complaint without leave to amend.

As stated in the Court's August 2, 2012 Order, under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss an action that fails to state a claim upon which relief may be granted. Although Plaintiff's amended complaint contains a list of his claims, and various statements of the law allegedly applicable to this case, the Court is unable to discern any legally cognizable claim in Plaintiff's complaint. The amended complaint contains less factual information than the original

---

[1] To the extent that this order is dispositive, the Court does not require the consent of Defendants because Defendants have not been served and therefore are not parties under the meaning of 28 U.S.C. § 636(c). See Ornelas v. De Frantz, 2000 WL 973684, *2, n.2 (N.D. Cal. 2000) (citing Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of the defendants because the defendants had not been served yet and therefore were not parties)).

complaint, which alleged conduct which took place exclusively in Massachusetts in 2007. The legal authority cited by Plaintiff does not demonstrate that the Northern District of California is the proper venue for this action, or that the Court would have jurisdiction over the Defendants, or that the action is timely. In sum, Plaintiff's complaint fails to include a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2). Therefore, Plaintiff's complaint is dismissed. Because the Court has already given Plaintiff an opportunity to amend the complaint, and the amended complaint does not remedy the deficiencies in the original complaint, nor does it appear that the deficiencies could be remedied, dismissal is without leave to amend.

IT IS SO ORDERED.

Dated: August 22, 2012

ELIZABETH D. LAPORTE
United States Magistrate Judge